JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email: bulgozdyj@sec.gov
DAVID S. BROWN (Cal. Bar No. 134569)
Email: browndav@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>PAUL HORTON SMITH, SR.; NORTHSTAR COMMUNICATIONS, LLC; PLANNING SERVICES, INC.; AND EGATE, LLC,<br><br>    Defendants. | Case No. ED CV 20-1056 PA (SHKx)<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED**<br><br>**(FILED UNDER SEAL)** |

This matter came before the Court upon the Application of Plaintiff Securities and Exchange Commission ("SEC") for a Temporary Restraining Order and Orders (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; (5) Appointing a Temporary Receiver; and (6) to Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver (the "TRO Application").

The Court, having considered the SEC's Complaint, the TRO Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. s 77t(b)), Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78u(b)), and Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act") (15 U.S.C. §§ 80b-9(d)), by evidence establishing a *prima facie* case and reasonable likelihood that defendants Paul H. Smith, Sr. ("Smith"); Northstar Communications, LLC ("Northstar"); Planning Services, Inc. ("Planning Services"); and eGate, LLC ("eGate"), (collectively "Defendants") have engaged in, are engaging in, are about to engage in, and will continue to engage in, unless restrained, transactions, acts, practices, and courses of business that constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and Section 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) & 80b-6(2).

C. Good cause exists to believe that, unless restrained and enjoined by

    order of this Court, Defendants will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Temporary Restraining Order so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

  D. Good cause exists to appoint a temporary receiver over Defendants Northstar, Planning Services, and eGate and their subsidiaries and affiliates.

  E. Good cause exists to believe that an accounting of assets is necessary.

  F. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

**I.**

IT IS HEREBY ORDERED that the SEC's TRO Application is GRANTED.

**II.**

IT IS FURTHER ORDERED that Defendants Smith, Northstar, Planning Services, and eGate and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

  A. employing any device, scheme or artifice to defraud;

  B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which

2

    they were made, not misleading; or

 C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

 IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## III.

 IT IS FURTHER ORDERED that Defendants Smith, Northstar, Planning Services, and eGate, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

 A. employing any device, scheme or artifice to defraud;

 B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

 IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

3

actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED that Defendants Smith, Northstar, Planning Services, and eGate, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from

    A.    employing any device, scheme or artifice to defraud any client or prospective client; and

    B.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client;

in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) & 80b-6(2).

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Smith, Northstar, Planning Services, and eGate, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined

from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants, or their subsidiaries and affiliates.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants, including but not limited to the accounts listed below:

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
| --- | --- | --- |
| BBVA USA | Northstar Communications LLC | 2525787020 |
| BBVA USA | Planning Services, Inc. | 6776643562<br>2525787012 |
| Charles Schwab | Northstar Communications LLC | 6144-7268 |
| TD Ameritrade | Paul H. Smith | xxx-xx0415 |
| TD Ameritrade | Northstar Communications LLC | 425-851749 |
| TD Ameritrade | Paul H Smith Sr Trustee Fbo Northstar Communications Llc Pft Sharing | xxx-xx6179 |

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| TD Ameritrade | eGate, LLC | 894-029625 |
| TD Ameritrade | eGate, LLC | 900-021874 |
| Interactive Brokers | eGate, LLC | F1428528 |
| Provident Bank | eGate, LLC | 3924362 |
| Provident Bank | Northstar Communications LLC | 3457380 |
| Provident Bank | Planning Services, Inc. | 3457330 |
| C3bank | Planning Services, Inc. | 2533847 |
| Wells Fargo Bank | Paul Smith | xxxxx5594 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

### VII.

IT IS FURTHER ORDERED that Defendants Smith, Northstar, Planning Services, and eGate, within five days of the issuance of this Order, shall prepare and deliver to the SEC a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a description of the sources of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered to the SEC to the attention of John B. Bulgozdy, counsel for the SEC. After completion of the accounting, each of the Defendants shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

### VIII.

IT IS FURTHER ORDERED that any person who receives actual notice of this

Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants, shall within 5 days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## IX.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants Smith, Northstar, Planning Services, and eGate, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Smith, Northstar, Planning Services, and eGate.

## X.

IT IS FURTHER ORDERED that the SEC's application for expedited discovery concerning Defendants, their assets and activities, is denied without prejudice to raising the issue before the United States Magistrate Judge.

## XI.

IT IS FURTHER ORDERED that Krista L. Freitag of E3 Realty Advisors, Inc., is appointed as temporary receiver of Defendants Northstar, Planning Services, and eGate, and their subsidiaries and affiliates, with full powers of an equity receiver,

7

including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendants Northstar, Planning Services, and eGate, and that such receiver is immediately authorized, empowered, and directed:

  A. to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, pledged as collateral, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendants Northstar, Planning Services, and eGate and their subsidiaries and affiliates (collectively, the "Assets"), with full power to sue, foreclose, marshal, collect, receive, and take into possession all such Assets (including access to and taking custody, control, and possession of all such Assets);

  B. to assume full control of Defendants Northstar, Planning Services, and eGate and their subsidiaries and affiliates by removing, as the receiver deems necessary or advisable, any director, officer, attorney, independent contractor, employee, or agent of any of Defendants Northstar, Planning Services, and eGate and their subsidiaries and affiliates, and any named Defendant, from control of, management of, or participation in, the affairs of Defendants Northstar, Planning Services, and eGate and their subsidiaries and affiliates;

  C. to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any Assets, or which maintains accounts over which Defendants Northstar, Planning Services, and eGate and their

        subsidiaries and affiliates, and/or any of its employees or agents have signatory authority;

D.   to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Defendants Northstar, Planning Services, and eGate and their subsidiaries and affiliates;

E.   to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any Assets;

F.   to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of Defendants Northstar, Planning Services, and eGate and their subsidiaries and affiliates, and to file the accounting with the Court and deliver copies thereof to all parties;

G.   to institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts, which (i) the receiver deems necessary and advisable to preserve or recover any Assets, or (ii) the receiver deems necessary and advisable to carry out the receiver's mandate under this Order; and

H.   to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone which he or she deems relates to their business and the discharging of his or her duties as temporary receiver.

All other requested relief concerning the temporary receiver's powers and authority is hereby denied without prejudice.

## XII.

IT IS FURTHER ORDERED that Defendants Smith, Northstar, Planning Services, and eGate, and their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys,

and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the temporary receiver.

### XIII.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Defendants Smith, Northstar, Planning Services, and eGate shall take any action or purport to take any action, in the name of or on behalf of Defendants Northstar, Planning Services, and eGate without the written consent of the temporary receiver or order of this Court.

### XIV.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendants Northstar, Planning Services, and eGate, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendants

                Northstar, Planning Services, and eGate; and

C.     doing any act or thing whatsoever to interfere with taking control, possession or management by the temporary receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Defendants Northstar, Planning Services, and eGate, or in any way to interfere with or harass the temporary receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the temporary receiver's duties and responsibilities hereunder.

## XV.

IT IS FURTHER ORDERED that Defendants Smith, Northstar, Planning Services, and eGate, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the temporary receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the temporary receiver or his or her attorneys, accountants, employees or agents, in the conduct of the temporary receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the temporary receiver of the funds, assets, collateral, premises, and choses in action described above.

## XVI.

IT IS FURTHER ORDERED that Defendants Northstar, Planning Services, and eGate and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the temporary receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the temporary receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent,

11

1. and any and all other reasonable operating expenses, shall be made by application
2. setting forth in reasonable detail the nature of the services and shall be heard by the
3. Court.  **THE COURT WILL ONLY AUTHORIZE THE RECEIVER'S COSTS,**
4. **FEES, AND EXPENSES THAT THE COURT DEEMS REASONABLE AND**
5. **NECESSARY.**

### XVII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the temporary receiver.  Except for an act of gross negligence, the temporary receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the temporary receiver in connection with the discharge of his or her duties and responsibilities.

### XVIII.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire at 5:00 p.m. on June 3, 2020 unless for good cause shown it is extended or the parties against whom it is directed consent that it may be extended for a longer period.

### XIX.

IT IS FURTHER ORDERED that at 1:30 p.m. on June 3, 2020, or as soon thereafter as the parties may be heard, the Defendants, and each of them, shall appear by video or telephonic conference before the Honorable Percy Anderson, Judge of the United States District Court for the Central District of California, to show cause, if there be any, why a preliminary injunction should not be granted and Krista L. Freitag of E3 Realty Advisors, Inc., be appointed as permanent receiver.  **Plaintiff shall serve this Order and all documents filed in support of the Order on all Defendants no later than May 22, 2020 and file Proof of Service with the Court no later than May 25, 2020.**  Any declarations, affidavits, points and authorities, or other submissions in opposition to, the issuance of the Preliminary Injunction shall be

filed with the Court and emailed to the John B. Bulgozdy, counsel for the SEC, at bulgozdyj@sec.gov, no later than 4:00 p.m. on May 27, 2020.  Any reply papers shall be filed with the Court and delivered to opposing counsel no later than noon on May 29, 2020.

**XX.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: May 20, 2020

_____
UNITED STATES DISTRICT JUDGE

Presented by:
John B. Bulgozdy
David S. Brown
Attorneys for Plaintiff
Securities and Exchange Commission