# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PAUL HORTON SMITH, SR.; NORTHSTAR COMMUNICATIONS, LLC; PLANNING SERVICES, INC.; AND EGATE, LLC,<br><br>　　　　Defendants. | Case No. 5:20-cv-01056-PA-SHK<br><br>**PRELIMINARY INJUNCTION** |

This matter came before the Court on its Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Granted ("OSC") (Dkt. No. 14), issued on May 20, 2020, upon the Application of Plaintiff Securities and Exchange Commission ("SEC") for a Temporary Restraining Order and Orders (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; (5) Appointing a Temporary Receiver; and (6) to Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver (the "TRO Application").

The Court, having considered the SEC's Complaint, the TRO Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. s 77t(b)), Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78u(b)), and Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act") (15 U.S.C. §§ 80b-9(d)), by evidence establishing a *prima facie* case and reasonable likelihood that Paul H. Smith, Sr. ("Smith"); Northstar Communications, LLC ("Northstar"); Planning Services, Inc. ("Planning Services"); and eGate, LLC ("eGate") engaged in, are engaging in, are about to engage in, and will continue to engage in unless restrained transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and Section 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) &

80b-6(2).

C. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants Smith, Northstar, Planning Services, and eGate will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Preliminary Injunction to preserve and protect existing assets, and prevent the dissipation of assets.

D. Good cause exists to extend the temporary receivership of Krista Freitag by one week. The SEC's request for a permanent receiver is denied without prejudice.

E. Good cause exists to believe that an accounting of assets is necessary.

F. Good cause exists to enjoin the destruction or alteration of documents relevant to this action.

## I.

IT IS HEREBY ORDERED that a Preliminary Injunction should issue and the asset freeze should continue.

## II.

IT IS FURTHER ORDERED that Defendants Smith, Northstar, Planning Services, and eGate and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

A. employing any device, scheme or artifice to defraud;

B. obtaining money or property by means of any untrue statement of a

<div style="padding-left:2em">

       material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  C.   engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

</div>

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

    IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

### III.

    IT IS FURTHER ORDERED that Defendants Smith, Northstar, Planning Services, and eGate, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Preliminary Injunction, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

<div style="padding-left:2em">

  A.   employing any device, scheme or artifice to defraud;

  B.   making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  C.   engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

</div>

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED that Defendants Smith, Northstar, Planning Services, and eGate, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Preliminary Injunction, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from

    A.    employing any device, scheme or artifice to defraud any client or prospective client; and

    B.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client;

in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) & 80b-6(2).

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Preliminary Injunction by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Smith, Northstar, Planning Services, and eGate, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate, and those persons in active concert with them, who receive actual notice of this Preliminary Injunction, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants, or their subsidiaries and affiliates.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the asset freeze previously ordered by this Court in the OSC shall continue on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants, including but not limited to the accounts listed below:

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| BBVA USA | Northstar Communications LLC | 2525787020 |
| BBVA USA | Planning Services, Inc. | 2525787012 |
| Bank of America | Joylynn and Paul Smith | xxxxxxxx6656 |
| Charles Schwab | Northstar Communications LLC | 6144-7268 |
| TD Ameritrade | Paul H. Smith | xxx-xx0415 |
| TD Ameritrade | Northstar Communications LLC | 425-851749 |
| TD Ameritrade | Paul H Smith Sr Trustee Fbo Northstar Communications Llc Pft Sharing | xxx-xx6179 |
| Interactive Brokers | eGate, LLC | F1428528 |
| Provident Bank | eGate, LLC | 3924362 |
| Provident Bank | Paul H. Smith Sr. OR Joylynn Smith | xxx7873 |
| Provident Bank | Northstar Communications LLC | 3457380 |
| Provident Bank | Planning Services, Inc. | 3457330 |
| Provident Bank | Paul H. Smith Sr. OR Joylynn Smith | xxx7406 |
| Provident Bank | Paul H. Smith Sr. OR Joylynn Smith | xxx7430 |
| C3bank | Planning Services, Inc. | 2533847 |
| Wells Fargo Bank | Paul Smith | xx5594 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

### VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants Smith, Northstar, Planning Services, and eGate, and their

6

officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Preliminary Injunction, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Smith, Northstar, Planning Services, and eGate.

## VIII.

IT IS FURTHER ORDERED that the appointment of Krista L. Freitag of E3 Realty Advisors, Inc. as temporary receiver of Defendants Northstar, Planning Services, and eGate, and their subsidiaries and affiliates is extended by one week from the date of this order. Freitag shall submit to the Court, no later than 12:00 pm on June 8, 2020, a proposal for winding down defendants Northstar, Planning Services, and eGate, as well as assisting investors in transitioning their eGate accounts. All other requested relief concerning the proposed permanent receiver's powers and authority is hereby denied without prejudice.

## IX.

IT IS FURTHER ORDERED that Defendants Smith, Northstar, Planning Services, and eGate, and their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the temporary receiver.

## X.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Defendants Smith, Northstar, Planning Services, and eGate shall take any action or purport to take any action, in the name of or on behalf of Defendants Northstar, Planning Services, and eGate without the written consent of the temporary receiver or order of this Court.

## XI.

IT IS FURTHER ORDERED that Defendants Smith, Northstar, Planning Services, and eGate, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the temporary receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the temporary receiver or her attorneys, accountants, employees or agents, in the conduct of the temporary receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the temporary receiver of the funds, assets, collateral, premises, and choses in action described above.

## XII.

IT IS FURTHER ORDERED that Defendants Northstar, Planning Services, and eGate and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the temporary receiver incurred in connection with the performance of her duties described in Temporary Restraining Order, including the costs and expenses of those persons who may be engaged or employed by the temporary receiver to assist her in carrying out her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court. **THE COURT WILL ONLY AUTHORIZE THE RECEIVER'S COSTS, FEES,**

**AND EXPENSES THAT THE COURT DEEMS REASONABLE AND NECESSARY.**

### XIII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the temporary receiver.  Except for an act of gross negligence, the temporary receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the temporary receiver in connection with the discharge of her duties and responsibilities.

### XIV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated:  June 4, 2020

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

9