JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email: bulgozdyj@sec.gov
DAVID S. BROWN (Cal. Bar No. 134569)
Email: browndav@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy Jane Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          vs.<br><br>PAUL HORTON SMITH, SR.;<br>NORTHSTAR COMMUNICATIONS,<br>LLC; PLANNING SERVICES, INC.;<br>AND EGATE, LLC,<br><br>                    Defendants. | Case No. 5:20-cv-01056-PA-SHK<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF FILING RECEIVER'S PROPOSAL PURSUANT TO THE COURT'S JUNE 26, 2020 ORDER (DKT. NO. 48)** |

TO THE CLERK OF THE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that Plaintiff Securities and Exchange Commission hereby submits the Receiver's Proposal Pursuant to the Court's June 26, 2020 Order (Dkt. No. 48), a copy of which is attached as Exhibit 1.

Dated:  July 6, 2020                          Respectfully submitted,

                                              */s/ John B. Bulgozdy*
                                              John B. Bulgozdy
                                              David S. Brown
                                              Attorneys for Plaintiff
                                              Securities and Exchange Commission

## **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On July 6, 2020, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF FILING RECEIVER'S PROPOSAL PURSUANT TO THE COURT'S JUNE 26, 2020 ORDER (DKT. NO. 48)** on all the parties to this action addressed as stated on the attached service list:

☒     **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐     **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐     **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐     **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐     **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒     **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☐     **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐     **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  July 6, 2020                    */s/ John B. Bulgozdy*
                                      John B. Bulgozdy

***SEC v. Paul Horton Smith, Sr., et al.***
**United States District Court—Central District of California**
**Case No. 5:20-cv-01056-PA-SHK**

## <u>SERVICE LIST</u>

Paul Horton Smith Sr.
████████████████████
Moreno Valley, CA ████████
Email: ████████████████
***Pro Se***

Krista Freitag
E3 Advisors
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Email: kfreitag@ethreeadvisorys.com
***Permanent Receiver for Defendants Northstar Communications, LLC,***
***Planning Services, Inc., and eGate, LLC***

3

# EXHIBIT 1

KRISTA FREITAG
E3 Realty Advisors, Inc.
Court-Appointed Receiver
355 S. Grand Avenue, Suite 2450
Los Angeles, CA  90071
Phone:  (213) 943-1374
E-Mail:  kfreitag@ethreeadvisors.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. ED CV 20-1056 PA (SHKx) |
| Plaintiff, | |
| v. | **RECEIVER'S PROPOSAL PURSUANT TO THE COURT'S JUNE 26, 2020 ORDER (DKT. NO. 48)** |
| PAUL HORTON SMITH, SR; NORTHSTAR COMMUNICATIONS, LLC; PLANNING SERVICES, INC.; AND EGATE, LLC, | |
| Defendants. | |

By order of this Court, on May 20, 2020, Krista Freitag ("Receiver") was appointed temporary receiver for Defendants Northstar Communications, LLC, Planning Services, Inc., and eGate, LLC, and their subsidiaries and affiliates (collectively, the "Receivership Entities"), with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of the Receivership Entities, and was immediately authorized, empowered and directed to take certain actions as set forth in the

Exhibit 1 Page 4

Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Note Be Granted (the "TRO").  Dkt. 14.

On June 4, 2020, this Court entered a Preliminary Injunction ("PI Order"), extending the Receiver's temporary appointment by one week from the date of the PI Order.  The Court also ordered the Receiver to submit to the Court, no later than 12:00 pm on June 8, 2020, a proposal for winding down defendants Northstar, Planning Services, and eGate, as well as assisting investor in transitioning their eGate accounts.  Dkt. 26.  On June 8, 2020, the Receiver's Wind Down Proposal for Defendant Entities was filed.  Dkt. 27.  On June 12, 2020, this Court entered Civil Minutes – General, Order re: Permanent Receiver (the "June 12 Order"). Dkt. 35. On June 18, 2020, the Receiver's Proposal Pursuant to the Court's June 12, 2020 Order re: Permanent Receiver was filed via the Notice of Filing Per Court's June 12, 2002 Order of (1) Notice to Defendants' Clients; and (2) Receiver's Proposal."  Dkt. 40.  On June 26, 2020, the Court entered Civil Minutes – General (the "June 26 Order"). Dkt. 48.

## I.  NOTICE TO DEFENDANTS' CLIENTS

Pursuant to the Court's June 26 Order, on July 1, 2020, the Receiver caused the Court approved Notice to Defendants' Clients with copies of the Court's Preliminary Injunction Order (Dkt. 26) and the Order Appointing Permanent Receiver (Dkt. 35) included therein as attachments, to be issued to all known defendant entity clients.

## II. COST ESTIMATE PROPOSAL

Pursuant to the Court's June 26 Order, the Receiver hereby respectfully submits her proposal for the fees and costs estimated to be incurred to perform the authorized receivership duties provided in the Court's June 12 Order.  Such proposal expands upon the descriptions of the tasks anticipated, and includes the persons who are anticipated to perform such tasks, along with his/her corresponding hourly rate (at a 10% discount).

Exhibit 1 Page 5

1    The proposal, attached hereto as Exhibit A assumes the Court's intention is to

2   have the Receiver wrap-up the receivership in the month of July 2020, and is based

3   on her experience and responses to date from and discussions with clients/investors

4   (over 170 correspondence received to date), financial institutions, insurance

5   companies and investment advisory companies (over 35 of which were contacted).

6

7

8   Dated:  July 6, 2020

    KRISTA L. FREITAG
    Receiver

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Exhibit 1 Page 7

| Description of Estimated Services | Estimated Hours | Personnel | Hourly Rate | Total Estimated Fees |
|---|---|---|---|---|
| Perform cursory review and organization of documents received from custodians and insurance companies/agencies in order to summarize and log defendant entity client information; create and as necessary, update (some are responding via multiple correspondence) a client information log based on client and account information included in the responsive documents received. (*Note - in the absence of an active client database, the Receiver sent notices to the 36 known prospective agencies/custodians; this time is reflective of the work needed to review and process the responses received from the agencies/custodians). This log is effectively serving as the database of active client information. And the information is critical to understanding who the active clients are, what their accounts are and which custodians or companies/agencies to which they are linked).* | 20.0 | L. Ryan | $  135 | $  2,700 |
| Assist receiver with client/agency/bank account transitions, which involves conferring with the various bank contacts to cost-effectively complete the banks' required forms (e.g., account signature cards and/or closing documents, as applicable - each bank is different) for receiver's signature.  This work is necessary for the transition of the defendant entity bank accounts to and eventually, from the receiver. | 2.0 | L. Ryan | $  135 | $  270 |
| Physically transition control of the defendant entity bank accounts.  At least one bank requires in-person signatures on the forms they require to transition accounts to/from receiver's control at the physical bank branches - the closest branch is over 30 miles.  This task must be performed by the receiver (cannot be an associate). | 4.0 | K. Freitag | $  315 | $  1,260 |
| Review log and documentation (if/as necessary) prepared and organized by L. Ryan; confer via email and telephone (numerous) with multiple custodian or company/agency contacts to ensure clear understanding of the custodian/company/agency contact and transition process for the defendant entity clients. Certain custodian/company/agency contacts also ask to speak directly to the receiver, so this time reflects those correspondence. | 6.0 | K. Freitag | $  315 | $  1,890 |
| Confer with clients as questions arise to ensure proper account transition/contact with their custodians/companies/agencies; much of this time will be spent responding to questions arising from the Court ordered notice regarding account transitions.  While A. Herren handles initial review and responses; this transition information is expected to be handled by the receiver. | 7.0 | K. Freitag | $  315 | $  2,205 |
| Prepare reports to the Court re: completion of the Court's ordered duties; this would include any update required by the Court and a final accounting, as applicable. | 4.0 | K. Freitag | $  315 | $  1,260 |
| Estimated Bank Fees | | | | $  300 |
| **Bank Account Control; Client Account Transition Assistance; Court Reporting Estimates (ROUNDED)** | | | | **$  10,000** |
| Prepare and maintain log of phone calls and emails received from clients/investors; this time also includes work to actually process/respond to mail, phone calls and emails from clients/investors (over 170 correspondence received to date).  Note that we have been responding to calls and emails and intend to continue to do so until such time as the receivership terminates. | 33.0 | A. Herren | $  135 | $  4,455 |
| Ensure maintenance and download of and ultimately transition online data for which the receiver has been ordered to maintain possession (e.g., email, CRM, website, phone line). | 2.0 | G. Rodriguez | $  279 | $  558 |
| Assist the receiver with physically setting up and sending out the Court-ordered client notices (e.g., eblast).  Due to attachments and email limitations (so the mass email is not flagged by systems as spam), must manually send out notices in batches to over 900 email addresses. | 4.0 | G. Rodriguez | $  279 | $  1,116 |
| Prepare initial draft of Court-ordered client notice; coordinate distribution with G. Rodriguez, including directing the email address aggregation from web registration, custodian/company/agency responses and CRM. | 2.0 | K. Freitag | $  315 | $  630 |
| Confer with clients/investors who wish/demand to speak to receiver directly and generally (as per above, A. Herren handles the initial correspondence).  This time reflects general correspondence.  The account transition time anticipated is reflected in the category above. | 4.0 | K. Freitag | $  315 | $  1,260 |
| Estimated costs associated with maintaining CRM database, website domain, email host sites and service providers (assumes one month and is a guesstimate) | | | | $  500 |
| **Known Client[a] Communications Estimates (ROUNDED)** | | | | **$  8,500** |
| **Grand Total** | | | | **$  18,500** |

(a) As discussed in prior reports, the Receiver was unable to locate active client lists during the takeover.  While significant efforts have been expended to identify the Receivership Entities' active clients, without the accounting records, furhter investigation or comprehensive responses from the known investment advisory agencies, insurance companies, tax accountants, etc., the Receiver does not know if all active clients have been identified.

Exhibit 1 Page 8