JS-6

JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email: bulgozdyj@sec.gov
DAVID S. BROWN (Cal. Bar No. 134569)
Email: browndav@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL HORTON SMITH, SR.; NORTHSTAR COMMUNICATIONS, LLC; PLANNING SERVICES, INC.; AND EGATE, LLC,<br><br>Defendants. | Case No. 2:20-cv-01056-PA-SHK<br><br>**FINAL JUDGMENT AS TO DEFENDANTS PAUL HORTON SMITH, SR.; NORTHSTAR COMMUNICATIONS, LLC; PLANNING SERVICES, INC.; AND EGATE, LLC** |

This matter came before the Court on plaintiff Securities and Exchange Commission's ("SEC") Motion for Default Judgment against Defendants Paul Horton Smith, Sr. ("Smith"); Northstar Communications, LLC ("Northstar"); Planning Services, Inc. ("Planning Services"); and eGate, LLC ("eGate") (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 55(b).  The Court, having considered all of the evidence and arguments presented by the parties with regard to the SEC's Motion for Default Judgment, the Memorandum of Points and Authorities and the other documents filed in support of the Motion for Default Judgment, and the record in this action, finds that:

## I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the SEC's Motion for Default Judgment against Defendants is GRANTED.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Smith, Northstar, Planning Services, and eGate, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Smith, Northstar, Planning Services, and eGate, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme or artifice to defraud;

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

**IV.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Smith and eGate, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently enjoined from

    A.    employing any device, scheme or artifice to defraud any client or prospective client; and

    B.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client;

in violation of Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) & 80b-6(2).

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

**V.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Smith, Northstar, Planning Services, and eGate, jointly and severally, are ordered to pay disgorgement of $4,238,400.50, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $383,059.00, for a total judgment of $4,621,459.50, which shall be offset in an amount equal to any order of restitution that may be entered in *U.S. v. Paul Horton Smith, Sr.,* Case No. 5:20-cr-00120-JGB (C.D. Cal.).

Defendant Smith is ordered to pay a civil penalty in the amount of $4,238,400.50, pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. §

3

78u(d)(3), Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d)j, and Section 209(e)(1) of the Advisers Act, 15 U.S.C. § 80b-9(e)(1).

Defendants Smith, Northstar, Planning Services, and eGate shall satisfy this obligation by paying $8,859,860.00 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendants Smith, Northstar, Planning Services, and eGate as the defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

1    The SEC may propose a plan to distribute the Fund subject to the Court's
2 approval.  Such a plan may provide that the Fund shall be distributed pursuant to the
3 Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The
4 Court shall retain jurisdiction over the administration of any distribution of the Fund.
5 If the SEC staff determines that the Fund will not be distributed, the Commission
6 shall send the funds paid pursuant to this Final Judgment to the United States
7 Treasury.
8    Regardless of whether any such Fair Fund distribution is made, amounts
9 ordered to be paid as civil penalties pursuant to this Judgment shall be treated as
10 penalties paid to the government for all purposes, including all tax purposes.  To
11 preserve the deterrent effect of the civil penalty, Defendant Smith shall not, after
12 offset or reduction of any award of compensatory damages in any Related Investor
13 Action based on Defendant's payment of disgorgement in this action, argue that he is
14 entitled to, nor shall he further benefit by, offset or reduction of such compensatory
15 damages award by the amount of any part of Defendant's payment of a civil penalty
16 in this action ("Penalty Offset").  If the court in any Related Investor Action grants
17 such a Penalty Offset, Defendant shall, within 30 days after entry of a final order
18 granting the Penalty Offset, notify the SEC's counsel in this action and pay the
19 amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the
20 SEC directs.  Such a payment shall not be deemed an additional civil penalty and
21 shall not be deemed to change the amount of the civil penalty imposed in this
22 Judgment.  For purposes of this paragraph, a "Related Investor Action" means a
23 private damages action brought against Defendant by or on behalf of one or more
24 investors based on substantially the same facts as alleged in the Complaint in this
25 action.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the SEC elected to forego its claims for monetary penalties against Defendants Northstar, Planning Services, and eGate pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d)j, and Section 209(e)(1) of the Advisers Act, 15 U.S.C. § 80b-9(e)(1).  Accordingly, the claims for monetary penalties against Defendants Northstar, Planning Services, and eGate claims are DISMISSED.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**VIII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  October 19, 2020

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE