UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1056 PA (SHKx) | Date | October 29, 2020 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Paul Horton Smith, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Gabriela Garcia | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS ORDER

The Court has received a Motion for Order (1) Awarding Fees and Expenses to Permanent Receiver; (2) Depositing Funds with the Clerk of the Court; (3) Returning Items to Defendant; and (4) Discharging Permanent Receiver and Concluding Receivership filed by Plaintiff Securities and Exchange Commission. (Dkt. 61.) Defendants have not filed an opposition or any other response to the motion. Plaintiff has filed a Reply brief in support of the motion. (Dkt. 64.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 2, 2020, is vacated, and the matter taken off calendar. After reviewing Plaintiff's briefing and evidence, the Court hereby orders the following:

The Receiver is ordered to turn over to defendant Paul Horton Smith, Sr. the (1) passwords for the Wealthbox Customer Relationship Management database, and (2) entity defendants' website domain and email host sites. The Receiver is also ordered to have all mail for the entity defendants forwarded to defendant Smith.

The Receiver is ordered to deposit the remaining assets of the receivership estate with the Clerk of the Court, for deposit into an interest-bearing account, pursuant to Federal Rule of Civil Procedure 67 and Local Rule 67.1-3. The Receiver is further ordered to communicate to third party insurance companies who have remitted commissions to the Receiver that any future commissions shall be deposited with the Clerk of the Court, pursuant to this order. The Receiver shall provide a copy of this order to the third parties, and instruct them to reference this matter and include a copy of this order with any deposits sent to the Clerk of the Court.

The Receiver has asked the Court to approve an award of fees in the amount of $41,015.70 and $2,158.15 in expenses from the assets of the receivership estate. However, the Court previously approved a limited budget of $15,236 for the Receiver, which was based on the Receiver's amended proposal estimating the fees and expenses she would incur to perform her authorized duties. (Dkt. 54.) The Court explicitly ordered that "[i]f the Receiver seeks authorization in excess of this approved budget, the Receiver or SEC shall make such a request through an appropriate stipulation, application, or motion." (Id.) The Court further ordered that "[a]ny such request shall be supported by a proposed budget, available information that would allow the Court to assess the likelihood and degree to which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-1056 PA (SHKx) | Date | October 29, 2020 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Paul Horton Smith, et al. | | |

such an expenditure would enhance the Receivership's assets, and any reasons why the Receiver, and not the SEC, should engage in the proposed activity." (Id.)  The Court finds that the Receiver has failed to comply with the Court's order because she did not seek prior approval from the Court before incurring costs in excess of the $15,236 budget.  The Court clearly instructed the Receiver to submit a budget proposal if she anticipated exceeding the approved budget.  But the Receiver failed to do so, and thereby deprived the Court of the opportunity to first determine whether additional expenditures would enhance the Receivership's assets, or whether the proposed tasks should instead be performed by the SEC.  For these reasons, the Court orders that the Receiver is authorized to pay herself $15,236 from the assets of the receivership estate.  The remaining amount of fees and expenses requested is denied without prejudice to the filing of a new motion in which the Receiver provides good cause for why she did not comply with the Court's prior order.

Finally, the Court orders that the Receiver is discharged and the receivership is concluded upon the completion of the tasks identified in this order.  See Fed. R. Civ. P. 66.  This order shall be effective, without further order of the Court, upon the Receiver's filing of a declaration that she has completed the tasks ordered to close the receivership.

IT IS SO ORDERED.