JENNIFER A. YOUNGS (N.C. Bar No. 23925)
Email: youngsj@sec.gov
Phone: 202.551.6139
100 F Street NE / Mail Stop 5631
Washington, DC 20549-5631

DANIEL BLAU (CA Bar No. 305008)
Email blaud@sec.gov
Phone: 323.965.3306
444 S. Flower Street, Suite 900
Los Angeles, CA 90071

Attorneys for the Securities and Exchange Commission

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>PAUL HORTON SMITH, SR., *et al.*,<br><br>    Defendants. | Case No. 5:20cv1056-PA-SHK<br><br>**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION TO DISBURSE FUNDS HELD IN THE COURT REGISTRY ACCOUNT** |

Plaintiff, the United States Securities and Exchange Commission ("SEC" or "the Commission"), submits this Application to Disburse funds Held in the Court Registry Account ("CRIS"). The Application is made in response to the Court's Order directing the SEC to file an appropriate application requesting relief concerning the disbursement of funds. Civil Dkt. 77.

In support of this application, the SEC shows unto the Court the following:

# BACKGROUND FACTS

1. This Court entered its Final Judgment against Defendant Paul Horton Smith, Sr. ("Smith") and his co-defendants on October 19, 2020. Civil Dkt. 66. In pertinent part, the judgment ordered Smith to pay disgorgement of $4,238,400.50, together with prejudgment interest thereon in the amount of $383,059.00, for a total of $4,621,459.50. *Id*. at p. 3. Smith was held jointly and severally liable on this debt with his co-defendants. In addition, Smith was ordered to pay a civil penalty of $4,238,400.50. *Id*. at pp. 3-4.

2. The judgment further provided that the disgorgement total would be "offset in an amount equal to any order of restitution that may be entered in *U.S. v. Paul Horton Smith, Sr.*, Case No. 5:20-cr-00120-JGB (C.D. Cal)." *Id*. at p. 3.

3. On October 29, 2020, the Court issued an Order that discharged the Permanent Receiver previously appointed in the case. As part of that Order, the Permanent Receiver was required to deposit the remaining assets of the receivership estate into an interest-bearing account in the CRIS pursuant to Rule 67 of the Federal Rules of Civil Procedure and Local Rule 67. Civil Dkt. 71.

4. The Permanent Receiver deposited a fund balance of $190,012.77 ("CRIS Funds") into the CRIS on December 2, 2020. Civil Dkt. 74-75.

5. In Smith's criminal case, a final amended judgment was entered on September 18, 2024. Crim. Dkt. 90. This judgment sentenced Smith to 188 months of imprisonment and ordered him to pay $13,331,505.88 in criminal restitution pursuant to 18 U.S.C. § 3663A. *Id*.

6. Smith filed notices of appeal for the criminal judgment and amended criminal judgment. *See* Crim. Dkt. 82 (8/27/2024) and 93 (9/19/2024). The appellate case was docketed before the Ninth Circuit Court of Appeals as Docket Number 24-5276.

7. According to the appellate docket, Smith's opening brief is due June 18, 2025, and the answering brief is due July 18, 2025, with any reply due within twenty-one days of the answering brief. No further dates have been docketed as of the filing of this Application.

## DISBURSEMENT AND APPLICATION OF FUNDS IN THE CRIS

8. Although the SEC obtained its judgment against Smith in late 2020 and the Permanent Receiver deposited the CRIS Funds shortly thereafter, the corresponding criminal case did not result in the entry of a judgment until four years later, in 2024. The SEC has been actively monitoring Smith's criminal case because the SEC's judgment provided that its disgorgement amounts would be offset by any restitution ordered in Smith's criminal case. In the event the criminal case restitution order equaled or exceeded the disgorgement awarded in the SEC civil judgment, the SEC intended to request that the CRIS Funds be applied by the Clerk of Court to Smith's criminal restitution judgment.

9. Although Smith's criminal restitution amount vastly exceeds the SEC's disgorgement judgment, Smith has appealed the criminal judgment. Out of an abundance of caution, the SEC had not requested that the CRIS funds be applied by the Clerk to the restitution judgment because of the possibility that the criminal judgment could be overturned in whole or in part, including the amount ordered as restitution. Consequently, the SEC did not want to seek to transfer the CRIS Funds to the criminal case until the restitution order was completely final and subject to no further changes in an effort to avoid a situation where the CRIS Funds might possibly be returned to Smith or his co-defendants.

10. Because so much time has passed since the CRIS Funds were deposited with the Clerk of Court, however, the SEC would respectfully suggest two possible avenues with regard to the disposition of the CRIS Funds:

    a. Order the Clerk of Court to retain the CRIS Funds pending resolution of the pending criminal appeal. In the event the criminal judgment remains intact with regard to the restitution ordered in favor of Smith's victims in an amount in excess of $4,621,459.50 (the amount of the restitution judgment to be credited against the SEC disgorgement judgment), the United States and/or the SEC would request those funds be applied to the criminal restitution debt; or

    b. Order the Clerk of Court to transfer the CRIS Funds to the SEC to be held pending the outcome of the criminal appeal. Once the appeal has been decided and a mandate has issued from the Ninth Circuit, the SEC would file a motion with the Court to apply the funds as may be appropriate given the outcome of the appeal.

11. The SEC will submit separately a proposed order to the Court that includes language for each of the proposed avenues for the disposition of the CRIS Funds, depending on what outcome the Court prefers for the Registry Funds.

Dated: May 13, 2025

Respectfully submitted,

*/s/ Jennifer A. Youngs*

JENNIFER A. YOUNGS
Attorney for Plaintiff
Securities and Exchange Commission

# CERTIFICATE OF SERVICE

I certify that on May 13, 2025, I electronically filed the Securities and Exchange Commission's Application to Disburse Funds Held in the Court Registry Account with the Clerk of the Court through the ECF system, which will send notification of filing to all parties of record herein.

/s/ Jennifer A. Youngs
JENNIFER A. YOUNGS
Attorney for Plaintiff
Securities and Exchange Commission